UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| JOHANNA MAYNAND, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:23-CV-48 |
| | ) | |
| vs. | ) | |
| | ) | |
| TINA SIMERLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Johanna Maynand has filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which she asked to proceed *in forma pauperis*. On June 23, 2023, this Court granted Plaintiff's request to proceed *in forma pauperis*. [Doc. 4]. The Court then undertook the screening process required when litigants are granted permission to proceed without prepayment of fees. In doing so, the Court noted that Plaintiff did not provide a sufficient factual basis to support any of her claims but observed that Plaintiff could potentially set forth a colorable defamation claim if she provided a more fully developed factual basis.

Given that Plaintiff was representing herself, the Court found it appropriate to provide her with an opportunity to file an amended complaint to address the noted deficiencies in her Complaint, [Doc. 2], but required that any amended complaint be filed within thirty days of entry of the Court's order, i.e., by July 24, 2023. [Doc. 4, p. 6]. Further, the Court placed Plaintiff on notice that if an amended Complaint was not filed within the thirty-day timeframe, this Court intended to recommend that the Complaint be dismissed because it failed to state a claim upon

which relief could be granted. *Id.* More than thirty days have now passed but Plaintiff has filed nothing further with the Court.

I. **FACTUAL ALLEGATIONS**

Plaintiff has filed suit against Defendants Tina Simerly, Alexander McDouall, Smoky Mountain Hemp Café, and Predator Hunter Nation ("PHN")[1] and requests relief pursuant to 28 U.S.C. § 4101 and Tennessee Code § 28-3-103. She alleges that she is entitled to recovery under those statutes because Defendants have defamed her on social media. Plaintiff alleges Defendants have attacked her "ethnicity, tribal affiliations, and federally recognized tribal status." [Doc. 2, p. 2]. She further alleges that they have reported her to the FBI for stalking and have publicly stated she has committed child sex abuse and was involved in the disappearance of a child. *Id.* Plaintiff finally appears to allege that Defendant Simerly has publicly threatened to kill her.[2] Plaintiff asks the Court to address these alleged wrongs by ordering the removal of Defendants' defamatory statements from all social media platforms and specifically YouTube and by awarding her $77,319.00 in monetary damages for stress caused by the alleged events. [Docs. 2, p. 3 & 2-1].

II. **ANALYSIS**

As the Court noted previously when screening Plaintiff's complaint, a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Neitzke v. Williams,* 490 U.S. 319 (1989). For the reasons stated in the Court's prior order [Doc. 4] and below, the Court recommends

---

[1] While Plaintiff lists all Defendants separately on one page of the Complaint, she later lists Tina Simerly as "Tina Simerly DBA Smoky Mountain Hemp Café & Predatory Hunter Nation" and Alexander McDouall as "Alexander McDouall DBA Smoky Mountain Hemp Café & PHN" on her service of process forms. *Compare* [Doc. 2, p. 2] *with* [Doc. 2-2]. As such, it appears that Plaintiff is not treating Smoky Mountain Hemp Café' and PHN as separate defendants but rather as DBAs of the two individuals named as Defendants; thus, the Court will likewise treat them in that fashion.

[2] Plaintiff's complaint alleges, "Defendant Tina Simerly has publicly stated she would kill for her friend. She publicly posted on hosting a fundraiser to travel out of state and inflict bodily harm." [Doc. 2, p. 2].

that Plaintiff's claim not proceed because she has failed to provide a sufficient factual basis to set forth a colorable defamation claim.

   a. ***Federal court jurisdiction***

In addition to screening a complaint to determine whether it states a claim, courts have an independent and ongoing obligation to determine whether they have jurisdiction to hear each case. Fed. R. Civ. P. 12(h)(3) (noting that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (observing that "the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.") (footnote omitted)); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) (confirming that "courts have a positive duty to undertake the jurisdiction inquiry"). Federal courts do not have jurisdiction over every lawsuit that is filed. Instead, federal courts have limited jurisdiction and may only hear cases "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ultimately, this means that federal courts have jurisdiction over only those cases which arise under federal law or where there is statutory diversity. 28 U.S.C. §§ 1331, 1332(a). To invoke diversity jurisdiction, plaintiffs must allege both that "the matter in controversy exceeds the sum or value of $75,000" and that the parties are citizens of different states. *Id.* § 1332(a).

In this case, as explained more fully below, Plaintiff has not set forth a claim under a federal law and as such has not established federal question jurisdiction, but Plaintiff may be able to establish diversity jurisdiction in bringing her state law claim. As an initial matter, the Court notes that Plaintiff appears to have misinterpreted a question regarding jurisdiction on a civil cover sheet attached to her Complaint. [Doc. 2-1]. Plaintiff did not bring this case in diversity. Instead, she

checked a box stating that the basis of this Court's jurisdiction to hear her case is that the plaintiff is the U.S. Government. Plaintiff appears to have misinterpreted this question because she lists herself using her name and address; as such, the plaintiff in this case is not the U.S. Government. Additionally, Plaintiff does not claim to be an employee of the U.S. Government.

As to the question of diversity jurisdiction, Plaintiff has established the first requirement by contending that the amount in controversy is $77,319.00, exceeding the required threshold of more than $75,000.00. Additionally, it appears that there is complete diversity of citizenship between the parties. Plaintiff indicates that she is a citizen of New Mexico, and all Defendants are citizens of Tennessee. However, as explained above, it appears Plaintiff is not treating Smoky Mountain Hemp Café' and PHN as separate defendants but rather as DBAs of the two individuals named as Defendants. If Plaintiff intended to treat those entities as separate defendants, she would be required to demonstrate their business forms and relevant citizenships because there are different requirements for different forms of business. *Compare Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("a limited liability company has the citizenship of each of its members") *with* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

For the purposes of conducting the initial screening of Plaintiff's Complaint the Court will assume diversity jurisdiction exists; however, given the analysis below as to the substance of Plaintiff's claims, the Court recommends Plaintiff's claims not proceed.

b. *Substance of Plaintiff's claims*

In considering the allegations contained in Plaintiff's original complaint, Plaintiff contends that Defendants defamed her, violating both federal and state law in the process. As Plaintiff chose

not to refile an amended complaint, the Court is left to screen only the information Plaintiff included in her original Complaint to determine whether it presents a plausible cause of action such that it may proceed beyond the §1915 screening stage.

In undertaking the present review, the Court liberally construes Plaintiff's claims because she is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

The instant complaint does not provide a sufficient explanation for how Plaintiff claims that Defendants, individually or in concert, acted to defame her. As the Court noted in its previous Order, Plaintiff cites to 28 U.S.C. § 4101 as a basis for a federal defamation claim in her Complaint. That statute, along with related sections, governs foreign defamation judgments and directs courts in the United States to respect judgments of foreign courts when certain conditions are met. *See*

28 U.S.C. § 4102. Plaintiff has not alleged whether any foreign court has entered a judgment related to her case; thus, she has not set forth a claim under that statute.

Plaintiff next cites to Tennessee Code § 28-3-103, seeking relief for defamatory statements made by Defendants. The statute Plaintiff seeks relief under is a provision relating to slander. Under Tennessee law, a prima facie case of defamation is made by proving "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Bohler v. City of Fairview, Tennessee*, 429 F. Supp. 3d 477, 490 (M.D. Tenn. 2019), *aff'd sub nom. Bohler v. City of Fairview*, 828 Fed. Appx. 281 (6th Cir. 2020) (citing *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013)). Further, "a slander action involves spoken defamation." *Quality Auto Parts Co. v. Bluff City Buick*, 876 S.W.2d 818, 821 (Tenn. 1994).

In her Complaint, Plaintiff refers to defamatory and libelous statements made by Defendants, but she does not state whether Defendants have made written or verbal statements. Plaintiff does not provide the date on which any alleged statement was made, nor does she describe where any statements were made. She asserts that Defendants defamed her "publicly" and "on social media" and references YouTube, but she does not state whether all alleged comments were made on YouTube or whether any comments were made on other social media platforms or in other forums. She also does not describe the content of the statements in sufficient detail for them to be considered by the Court. Plaintiff alleges that Defendants have attacked her ethnicity, tribal affiliations, and tribal status and have accused her of various crimes; however, she provides no factual support in her complaint for these claims. The Court is not permitted to hypothesize about how some, or all, named defendants engaged in the acts alleged. Rather, like all litigants, Plaintiff

is required to offer factual support for her allegations with sufficient detail to permit the Court to meaningfully consider whether she has set forth a plausible claim. Because Plaintiff's complaint was devoid of such factual support, and she did not take advantage of the opportunity the Court provided for her to amend it, Plaintiff has left the Court no choice but to recommend dismissal.

### III. CONCLUSION

For reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** without prejudice. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).